Opinion by LAWRENCE, J. The uncontradicted evidence disclosed that the containers are similar to those the subject of Abstract 46411. In accordance therewith, they were held dutiable at 22½ percent under said paragraph 397 and T. D. 49753 as claimed.

**No. 48297.**—Protest 807799–G of Thomas Import Co. (New York).

Opinion by LAWRENCE, J. It was found that the record fully supports the claim made, as the involved shells are similar to those the subject of *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607). The shells in question were therefore held dutiable as parts of articles having as an essential feature an electrical element or device, such as signs, at 35 percent under para· graph 353 as claimed.

**No. 48298.**—Protest 966945–G of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. It was found that the record fully supports the claim made, as the involved shells are similar to those the subject of *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607). The shells in question were therefore held dutiable as parts of articles having as an essential feature an electrical element or device, such as signs, at 35 percent under paragraph 353 as claimed.

BEFORE THE THIRD DIVISION, MAY 19, 1943

**No. 48299.**—Protests 983386–G, etc., of Kwong Mee Yuen et al. (New York).

Opinion by CLINE, J. It was stipulated that certain of the merchandise in question consists of crude drugs the same in all material respects as those passed upon in *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372). In accordance therewith they were held entitled to free entry under paragraph 1669. It was further stipulated that other of the items consist of drugs, sliced, the same as those covered by the decision in *Oy Wo Tong Co.* v. *United States, supra.* These were held dutiable as drugs, advanced, at 10 percent under paragraph 34 as claimed

**No. 48300.**—Petition 6270–R of Norman G. Jensen (Pembina).

Opinion by CLINE, J. The merchandise was shipped from Moose Jaw, Saskatchewan, Canada, to Minneapolis, Minn. From the testimony of the party who made the entry he had had other shipments from the same company and had used the values shown on the consular invoices, and that he followed that procedure in this case; that he did not know of any other value and believed that he had entered at the correct value; that the value of the goods increased between the date of the invoice and the date of the actual importation; that he did not intend to defraud the revenue or to deceive the appraiser as he had given the appraiser all the information which he had. In the instant case the parties in interest were located at Minneapolis or Mankato, Minn., and not at Noyes where the goods were entered, and the shippers were at distant points in Canada. The record does not show whether the invoices were forwarded to the broker by